COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Sunbelt Securities, Inc., The Fisher Group, Cheryl Brown, Jeanine Fisher, and Monique Mandell v. David Mark Mandell and Raymond J. Black, Administrator of the Estate of William Mandell, Deceased |
| Appellate case number: | 01-21-00209-CV |
| Trial court case number: | 473747-402 |
| Trial court: | Probate Court No. 1 of Harris County |

This case was set for in person oral argument on Wednesday, September 28, 2022. On September 2, Appellants Sunbelt Securities, Inc., The Fisher Group, Cheryl Brown, and Jeanine Fisher ("Sunbelt Appellants") filed a letter informing this Court that a settlement had been reached between some of the parties, namely between separate Appellant Monique Mandell ("Monique") and Appellees David Mark Mandell ("David") and Raymond J. Black, Administrator of the Estate of William Mandell, Deceased (the "Administrator"), resolving some of the claims underlying this appeal. The Sunbelt Appellants also stated that, although none of the claims against them had been dismissed in the trial court, it was possible the claims against them were rendered moot by the settlement between Monique and David and the Administrator.

This case has been removed from the oral argument docket on September 28 and we anticipate this case will be reset for submission on November 10, 2022. In light of the information recently provided by the Sunbelt Appellants, and in connection with the planned rescheduling of this case for submission, **all parties** are **ordered** to file supplemental briefing on the issues identified below. Both appellants' and appellees' supplemental briefs shall be due no later than 21 days from the date of this order, or **Tuesday, October 4, 2022.** The supplemental briefing should be limited to the identified issues and may not, without leave of court, be longer than 5,000 words if computer-generated and 15 pages if not.

1. Has there been a settlement of any of the underlying claims between any of the parties to this appeal? If so, identify which parties are parties to the settlement and which claims have been settled and/or dismissed.

2. If not all parties are parties to the settlement, which parties and claims remain pending in the trial court?

3. What is the effect of the settlement on this appeal?

4. If not all parties are parties to the settlement, what is the effect of the settlement on the claims against the remaining parties? Are any of the remaining claims rendered moot due to the purported settlement between Monique and David and the Administrator? Why or why not?

5. When the briefs were originally filed, all parties (except for the Administrator) requested oral argument. Confirm whether oral argument is still desired.

The parties should expect to address the above topics, as well as the remainder of the legal arguments presented in their respective briefs, at oral argument if it is confirmed that oral argument is still desired by the parties.

Further, the county clerk for Probate Court No. 1 of Harris County is **ordered** to file a supplemental clerk's record containing all orders approving any settlement agreement between any parties and all orders dismissing claims against any defendant within fourteen days of the date of this order, or by **Tuesday, September 27, 2022.**

It is so **ORDERED**.


Judge's signature: /s/ Amparo Guerra
                          Acting Individually

Date: September 13, 2022